**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 20 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| EDWIN ANTHONY PELLECIER, | No. 13-15682 |
| Petitioner - Appellant, | D.C. No. 4:05-cv-00159-FRZ |
| v. | |
| JERRY STERNES; JOHN PALOSAARI, Warden; ATTORNEY GENERAL OF THE STATE OF ARIZONA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, Senior District Judge, Presiding

Submitted October 8, 2014[**]
Phoenix, Arizona

Before: D.W. NELSON, SILVERMAN, and M. SMITH, Circuit Judges.

Edwin Pellecier was sentenced to 25 years to life in prison for murdering

James Williford, and seven-and-one-half years in prison for each of three counts of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

aggravated assault with a deadly weapon, to run consecutively to the murder sentence. The Arizona Court of Appeals affirmed the conviction and sentence, and the district court subsequently denied Pellecier's amended 28 U.S.C. § 2254 petition. On appeal, Pellecier contends that the state court erred in finding that: 1) Pellecier was not prejudiced by any deficiency in his trial counsel's performance; 2) Pellecier was not entitled to the effective assistance of counsel during his post-conviction proceedings; 3) the prosecutor did not present evidence that he knew or should have known was false, and that any allegedly false testimony did not materially affect the jury's verdict; and 4) sufficient evidence was presented at trial to permit a reasonable juror to conclude that Pellecier acted with premeditation, and not in self-defense, when he killed Williford. Pellecier has not demonstrated that the Arizona Court of Appeals' decision affirming his conviction was based on an unreasonable factual determination, or was contrary to or involved an unreasonable application of clearly established Supreme Court law. In addition, Pellecier has not established that he is actually innocent, which would permit this court to review his untimely remaining claims. We affirm.

Pellecier's ineffective assistance claims fail because he cannot demonstrate that his counsel's alleged deficiencies prejudiced him, or that his trial counsel's strategic decisions were professionally unreasonable. *See Strickland v.*

*Washington*, 466 U.S. 668, 687, 690-91 (1984). Pellecier failed to show that the jury's verdict "would reasonably likely have been different" had his counsel challenged the State's bullet trajectory evidence, interviewed prospective witnesses to rebut the State's motive evidence, or conducted pretrial interviews of certain witnesses. *See id*. at 696.

In addition, Pellecier has not demonstrated that his trial counsel's strategic decision not to "draw the sting" on two witnesses who lied in their initial statements to police was professionally unreasonable; nor has he shown that his counsel acted unreasonably in deciding to present evidence of Pellecier's good character at trial. *Id*. at 691. Scrutiny of counsel's tactical decisions must be highly deferential, *id*. at 689, and the state court's determination that Pellecier failed to satisfy the *Strickland* standard is afforded even more latitude on habeas review. *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

Pellecier's claim that his appellate counsel provided ineffective assistance fails because the Supreme Court has not clearly stated that habeas petitioners are entitled to effective counsel in the post-conviction process beyond the narrow exception the Court recognized in *Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012). This limited exception has no application to Pellecier's case.

A habeas petitioner may obtain relief on a claim of prosecutorial misconduct at a state trial if he can show that the prosecutor failed to correct the testimony of a witness that he knew to be false. *Napue v. Illinois*, 360 U.S. 264, 265 (1959). Pellecier has not shown that Detective Filipelli's "surprise" testimony was false, let alone that the prosecution knew it to be false. Pellecier admits that it is not unconstitutional to convict a defendant with "surprise" evidence. *See Weatherford v. Bursey*, 429 U.S. 545, 560 (1977).

Pellecier has not demonstrated that, after viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found the essential elements of his crimes beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Sufficient evidence was adduced at trial to support the verdict against him.

Finally, Pellecier has not made a credible showing of actual innocence to permit review of his untimely Claims 10-12, which were not raised in his original habeas petition. *See* 28 U.S.C. § 2244(d)(1)(A); *Lee v. Lampert*, 653 F.3d 929, 932 (9th Cir. 2011) (en banc). Pellecier has not demonstrated that a constitutional error occurred, much less that, but for that error, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

4

The district court did not err in denying Pellecier's § 2254 petition.

**AFFIRMED.**